Clerk Of The Court

**RECEIVED**
Court of Appeals

APR 0 6 2015

Lisa Matz
Clerk, 5th District

Re: Contents of Filings

Court of Appeals

APR 0 6 2015

Lisa Matz
Clerk, 5th District

1) Motion For Leave To File (1 pg)

2) Notice of Inability To Pay (2 pgs)

3) Request for Records (1 pg)

4) Application For Writ Of Mandamus (8 pgs)

5) Brief in Support (11 pgs)

6) Appendice (At or About 25 total sheets of paper)
of which
(17 pages of Document)

Please File

Respectfully Submitted,

Charles Mitchell 4/1/15

Relator

Writ No. _____

In Re,                          § In The Fifth District
Charles Hensley Mitchell        § Court Of Appeals At
Relator                         § Dallas, Texas

## Motion For Leave To File

To The Honorable Judge Of Said Court:

COMES NOW, Charles Hensley Mitchell, Relator, in the above-styled, and numbered cause to file the enclosed Application, Petition, and Appendice in support of Writ of Mandamus, WHEREFORE, ALL CONSIDERED, Relator prays this Court grant leave to file.

Respectfully Submitted
x _Charles Hensley Mitchell_ 4/1/15
Relator

## ORDER

Having heard the Motion, Leave To File Mandamus and attachments is hereby!
Granted: _____     Denied: _____
Signed On: _____

x _____
Judge Presiding

Motion For Leave — Pg 1 of 1

Writ No. _____

In Re                              ＄ In The 5TH District
Charles Hensley Mitchell           ＄ Court Of Appeals At
                    Relator        ＄ Dallas County, Texas

### Notice Of Enability To Pay Court Cost, Provide Copies Of Files Due To Indigency, Or Provide Extra Copies Of Original (L.R.9) 3 Copies Filing

To The Honorable Judge Of Said Court;

COMES Now, Charles Hensley Mitchell, the Relator, in the above-styled, and numbered cause to give Notice to this Honorable Court that he is Unable to pay Court Cost and related expenses, Provide more than One Original copy of Petition and Attachments, OR Provide copies of files (eg. Reporter Record, Clerk Record, Appellate Record) due to indigency, and in support show as follow;

## I.

Relator is prisoner, at the James V. Allred Unit of TDCJ-CID, and have no access to copy machines to make true copies, nor does he have access to adequate supplies of paper to make written copies. Relator has no bank accounts, CD's, Money Markets, Property, or other sources of income or access to money to pay for Court cost and related matters, nor to pay for Records in this cause.

## II

Relator seeks leave in all these matter by Wavier of the Court and he be allowed to Proceed In forum Prauperis, and Above Records and copies Required for Original filing be paid for by the Court, for later billing.

### Unsworn Declaration

I, Charles Mitchell, TDCJ#1851936, being presently incarcerated in the James V. Allred Unit of TDCJ CID, declares under Penalty of Perjury the above is True And Correct.

Executed On: 4/1/15                    x _Charles Hensley Mitchell_ #1851936
                                              Declarant

Writ No. _____

In Re                          § In The Fifth District
Charles Hensley Mitchell,      § Court Of Appeals At
        Relator                § Dallas, Texas

Relator's Requested
Records, And Documents To Be
Summon By Court In Review

To The Honorable Judge Of Said Court:

COMES NOW, the Relator, requesting the Court summon the following records and documents in it's Review, if deemed necessary:

1) Clerk Records in Cause No. DC-11-14792
   68TH District Court - Dallas

2) Reporter Records (Supra)

3) Direct Appeal Opinion And Appellant Records

(All already on Record with 5TH District Court of Appeals Clerk under Cause # 05-13-00618-CV)

Respectfully Submitted
x Charles Hensley Mitchell II  4/1/15
        Relator

Request For Records — Page 1 of 1

Writ No. _____
Trial Court Cause No. DC-11-14792

In Re,                              § In The Fifth District
Charles Hensley Mitchell           § Court of Appeals At
Relator                            § Dallas County, Texas

## Petition For Writ Of Mandamus
## (Application, Legal Brief, And Appendies)

To The Honorable Judge(s) of Said Court!

COMES NOW, Charles Hensley Mitchell, Relator, in the above-styled and numbered cause to issue Writ of Mandamus to trial court Judge of the 68TH District Court of Dallas County, Texas to-wit:
"Honorable Judge, Martin Hoffman".
And in support show as follow:

## I.
## Jurisdictional

1) Judgment was entered in the 68TH District Court of Dallas County, Texas on March 18, 2013. (See App. B page 2,3 also See C.R. Vol, 1 of 1 pg 110-111). A timely Motion For Rehearing was made to Trial Court Judge seeking correction of Court failure to follow mandate of Texas Statute, Tex. Prob. Code 482 of Durable Power of Attorney Act, filed on March 27, 2013. (See App C. pgs 4-8; also See Clerk Records Vol. 1 of 1 pgs 112-117).

Page 1

Notice of Appeal was filed on March 27, 2013 challenging failure to rule according to mandate On April 2, 2013, Plaintiff filed Motion to Arrest Judgment. Motion For Rehearing and Motion To Arrest Judgment were Denied by Trial Court via Silence.

2) Direct Appeal in 5TH District was "Affirm" stating Plaintiff did not argue at trial whether or not Power Of Attorney was sign before Notary (See 5TH District Opinion of Direct Appeal), and therefore could not be argued on Direct Appeal.

3) Evidence was solicited by Trial Court Judge concerning the signing of Power of Attorney twice during trial, and, both times Defendant presented testimonial evidence that Document was not signed by Principal in the presence of a Notary Public. (See App D - pgs 9-11; Also see R.R. Vol. 2 of 3 pg 59 lines 8-15, supra pg 59 Lines 20-25 thru Page 60 lines 1-3; supra Page 60 Lines 17-25 thru Page 61 Lines 1-3).

4) Trial Judge had Ministerial Duty to rule on Document in question as to it's legality by guidelines mandated in the Texas Statute, setting out clear and concise requirements for Document

Page 2

to be ruled as Durable Power Of Attorney that is legally enforceable in the State Of Texas (See App. A pg 1), As evidence presented to him at trial showed the Document did not fulfill the 4TH Requirement of Durable Power Of Attorney (See App. A (All) And App. D (All)) As mandated by Tx Probate Code 482.

5) Trial Judge fail to perform Ministerial Duty of finding Document in question As being Durable Power of Attorney, to be legally unenforceable where evidence At Trial that was uncontradicted or challenged, that the Document was not signed by Principal before A Notary Public (See App D (All)) and mandated by the Statute (See App. A).

6) Issue is barred for Relief on Direct Appeal And No other legal remedy is available other than this Honorable Fifth District Court of Appeals under the flag of Mandamus for Trial Judge failure to perform ministerial duty.

Page 3

## II

Relator challenged legality of Document as being legally enforceable due to not being sign on back by Principal. During trial the Judge solicited evidence that revealed Document had been signed by Principal, but it was not signed in front of a Notary Public/Person authorized to take acknowledgements (See App. D-All). Trial Judge ruled Document was legally enforceable it vi because it was signed before a "Disinterested Witness".

## III

Relator filed Motion For Rehearing given notice to Trial Judge of error, that by proof in the records the "Disinterested Person was not a Person who fulfilled the 4th Requirement of the Mandate of the Durable Power of Attorney Act, that mandate Document must be signed by Principal before before a person authorized to take acknowledgements (See App C - Motion For Rehearing/CR Vol 1 of 1 pgs 112-117). Relator also filed Motion To Arrest Judgment based on Issue stated in Motion For Rehearing (See C.R. Vol. 1 of 1 pg 121-123). Both Motiones were denied. Relator made Diligent and timely, respect attempt at remedy with Trial Court Judge and remedy was denied.

Page 4

## IV

Relator is entitled to a ruling in his cause based on the Mandates of Law As provided in the Durable Power of Attorney Act where the evidence supports it, and in this cause the evidence support the fact that the 4th Requirement was unfulfilled. (See App A, then App D (all)), and as such Relator was entitled to a Court Ruling that Power Of Attorney was legally unenforceable where it was supported by the evidence it, And Court Judgment stated fact he examined the legal requirements of the document (see App B). Trial Judge stated in his Judgment:

"No evidence was presented before the Court indicating that the ~~fact~~ power of attorney lacked the legal requirements". (See App B and CR Vol.1 of 1 pg "110-111")

Fact is evidence was presented before the Court indicating that the power of attorney lacked the legal requirement, And this evidence was solicited by questions of the Trial Judge himself of the Defendant (See App. D - Testimony Of Defendant), and as such Relator was entitled to ruling based on this evidence. Even with oversite by the Trial Judge once Relator filed Motion for Rehearing alerting Trial Judge he was required to rule by show of evidence, And Relator was entitled to ruling of Document being legally unenforceable document, And relief

Page 5

## V

Trial Judge had no discretion where law was clearly and concisely laid out in Mandatory language (See App. A). Trial Judge had a Ministerial Duty to find the Document in question as Power of Attorney, to be legally unenforceable based on evidence presented at Trial indicating by uncontroverced evidence that the document did not fulfill and lacked the legal requirements of a Durable Power of Attorney to-wit; Requirement #4 (See App A) where defendant gave evidence in her testimony twice before the Court during trial that she got Document initial by Principal then left and went to Notary, taken no witness with her, to get document Notarized. Principal was left behind at Nursing Home and Ms Houston, states she left to go to Notary (See App. D-All). Based on this evidence Trial Judge had Ministerial Duty to find Document did not include all the requirements mandated by the State of Texas for Durable Power of Attorney and therefore was legally Unenforceable.

Page 6

## VI.

Relator has no other legal remedy except by Mandamus in this Court!

## VII.

Relator demands relief by way of Writ of Mandamus, to ORDER trial Judge perform his Ministerial Duty, in the ruling concerning the legality of the Document in Question, as not being Durable Power of Attorney, NOR legally enforceable in the State of Texas, And grant Relief,

WHEREFORE, ALL CONSIDERED, the Relator prays for the issuance of Writ of Mandamus and Relief of Compensation,

Respectfully Submitted
x Charles Hensley Mitchell 4/1/15

## Unsworn Declaration

I, Charles Hensley Mitchell, TDCJ# 1851936, being presently incarcerated in the James V. Allred Unit of TDCJ-CID, in Wichita County, Texas, declare under Penalty of Perjury the foregoing is True And Correct,

Executed On: 4/1/15   x Charles Hensley Mitchell #1851936
Declarant

Page 7

# ORDER

Having heard the Mandamus, the Court hereby issues ORDER for the Mandamus to be Granted: _____ Denied: _____

Signed On: _____

X _____
            Judge Presiding

Writ No. _____

In The Court Of Appeals
For The Fifth District Of Texas
At Dallas, Texas

In Re,
Charles Hensley Mitchell

Relator's
Brief In Support of Writ Of Mandamus

Respondent, is Honorable Martin Hoffman
68TH District Court
Dallas, County, Texas

\* Oral Argument Waived

By: Charles Hensley Mitchell
Relator, Pro Se

Page i

# Identity of Parties And Counsel

## Relator (Plantiff At Trial)

Charles Hensley Mitchell, Pro Se
#1851936
2101 FM 369 N.
Iowa Park, Texas 76367

## Respondent (Trial Judge)

Honorable Judge Martin Hoffman
600 Commerce St.
68TH District Court
Dallas, Texas 75202

## Real Parties And Defendants In The Case

1) Ruth Houston, Pro Se
4640 Kushla Ave.
Dallas, Texas 75216

2) Christopher Houston, Pro Se
4640 Kushla Ave
Dallas, Texas 75216

# Table Of Contents

| Topic | Page |
| --- | --- |

CoverPage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

~~Table~~ Identity of Parties And Counsel . . . . . . . . . . . . . ii

Table Of Contents . . . . . . . . . . . . . . . . . . . . iii

Table Of Authorities . . . . . . . . . . . . . . . iv

Statement Of The Case . . . . . . . . . . . . . v.

Statement of Jurisdiction . . . . . . . . . . . vi

Issue Presented . . . . . . . . . . . . . . . . . . . . ~~VII~~ vi

Statement Of Facts . . . . . . . . . . . . . . . . . vii-ix

Argument . . . . . . . . . . . . . . . . . . . . . . . 1-2

> Trial Judge fail to Perform Ministerial Duty
> By Not Finding Durable Power Of Attorney legally
> Unenforceable Where Evidence At Trial Shown
> The Fourth Requirement of Texas Probate Code
> 482-(Durable Power Of Attorney Act) WAS
> lacking And Unfulfilled.

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Signature/Date . . . . . . . . . . . . . . . . . . . 2

Certification . . . . . . . . . . . . . . . . . . . . 2

# Table Of Authorities

<u>Authority</u>                                              <u>Page</u>

<u>Burrhus v M.S. Supply Inc,</u>
         993 SW 2d 635 . . . . . . . . 1

<u>In The Estate of Dennis M. Vacker</u>
         deceased, 345 SW 3d 588,596; 2011 Lexis 1684 . . 1

<u>Walker v Packer,</u>
         827 S.W. 2d 833, 840 (Tex 1992) . . 1


<u>Statutes</u>

Texas Probate Code 482 . . . . . . . . 1

# Statement of the Case

This is a Civil Action Suit, challenging the legality of a Document alleged to be Durable Power of Attorney. Civil Action Suit in this instant cause, also sue for damages and property taken from Plaintiff and sold or given away and/or trusted by Defendants using the Document claimed to be legally enforceable Power of Attorney.

Respondent, is the Honorable Martin Hoffman (Judge). He presides over the 68TH District Court - Dallas, Texas, Dallas County. Respondent ruled that the document allege to be Durable Power of Attorney was legally enforcable, where evidence at trial, present proof document fail to meet legal requirements for Durable Power of Attorney in the State Of Texas. And even after Judgment was entered and Relator filed Motion For Rehearing bringing courts attention to fact, court refuse to hear or correct error when it was Ministerial Duty to do so, and rule according to clear and concise mandate of law governing the requirements for Durable Power Of Attorney in State of Texas.

## Statement Of Jurisdiction

This Action is for Judge failure to perform Ministerial Duty in the 68TH District Court in Dallas County, Texas which is in the Jurisdiction of the 5TH District. 5TH District advised Relator in its "Affirm" of his Direct Appeal to this 5TH District concerning this matter, issue was barred from relief by Direct Appeal (see 5TH Opinion-Cause Ø5-13-ØØ618-CV) leaving No other remedy other than the Mandamus Court of the 5TH District, making this Court the proper venue and jurisdiction

## Issue Presented

Trial Judge fail to perform Ministerial Duty by not finding Durable Power of Attorney Legally Unenforceable Where Evidence At Trial Shown The Fourth Requirement Of Texas Probate Code 482-(Durable Power of Attorney Act) was lacking and unfulfilled.

# Statement Of Facts

Relator Charles Hensley Mitchell, Pro Se, also representing his elderly mother, Mrs. Albert Lorn Mitchell, filed Civil Action Suit against the defendant Ruth Houston, Pro Se, and who claim to have Power Of Attorney over the Home and Property of Charles Mitchell and his Mother, named above, Suit was also against "Party" in fewer Ruth Houston actions Christopher Lee Houston. Mitchell Charles Hensley Mitchell (herein after Mr. Mitchell) sought damages for himself and his elderly Mother seeking compensation for damages, finances of property, and capital lost and potential earnings in the future, physical injuries and emotional trama suffered by the actions of the Defendants Ruth Loretta Houston And Christopher Lee Houston". (See CR Vol 1 of 1 - Original Petition & Document # 4 in C.R.). Mr. Mitchell claimed in his Original Petition to the Trial Court that the document to-wit: Power of Attorney was fraudulent (See CR Vol 1 of 1 doc. 4; R.R. Vol. 2 of 3 pg 13 state at Line 23 thru pg. 14 (entire); Also See Supra -Closing Argument pg 83 Lines 23-25 thru pg 87 Lines 1 thru 11; Supra pg 92 all thru pg 93 Lines 1-6). Ruth Houston entered testimony into evidence at trial, during questioning by the Trial Judge to her that she got the Document initiated by my Mother And left, taking document to Notary Public to get signed alone, and without witnesses (See App A pgs 9-11; Also See R.R. Vol. 2 of 3 pg 59 Lines 8-15; Pg 59 Lines 20-25 thru Pg 60 Line 1-3; pg 60 LL 17-25 thru Pg 61 LL 1-12).

Page vii

# Statement Of The Facts (cont.)

The Honorable Martin Hoffman, Trial Judge announced the standard he would be using in deciding the matter of whether or not, the Document met the requirements of a Durable Power of Attorney based on the Durable Power of Attorney Act of The Texas Probate Code 482, a held in "The Estate of Dennis Vacker. The cite is 345 SW 3d 588." then the Honorable Judge advised Mr. Mitchell "if...power of Attorney was not legally enforcable, then I'll have to make determination of what remedy". (See R.R. Vol. 2 of 3 pg 94 thru 95). On March 18, 2013, Trial Judge entered judgment ruling Power of Attorney to be legally enforcable due to it was "witness by a disinterest witness" and as such Plaintiff was entitle to no relief (see CR Vol. 1 of 1 pg 110-111; Also See App B). Relator filed Motion for Rehearing stating the "Disinterest Witness" at trial was a interested party and that "The Document was not signed by Grantor before Notary...". (See App C app 4; Also See C.R. Vol. 1 of 1, doc. 28 pg 113 thru 118 at 113) On March 27, 2013, Relator filed Notice of Appeal (See CR Vol 1 of 1 pg 118-120). On Apr. 2, 2013, Relator filed Motion to Arrest Judgment (See CR. Vol 1 of 1 pg 121-123. On or about, February 11, 2015, 5TH District

Page - xiii

"Affirmed" due to according to Court's Opinion Relator at Trial, never raised issue of document not being signed before Notary and therefore could not be raised on Direct Appeal. On February 17TH Relator filed Motion For Rehearing based on fact I did preserve issue in Motion For Rehearing to Trial Court, and Fundamental Error. On March 18, 2015, 5TH District Denied Rehearing.

Now on April 1, 2015, Relator files his Original Writ of Mandamus citing Judge failure to perform Ministerial Duty in ruling of evidence concerning document which was subject of trial,

# Argument

Relator challenged Power of Attorney (See App. F) which was by show of the evidence not signed before a person authorized to take acknowledgments in this instance, to-wit: Notary Public. (See App D entire; also see RR Vol. 2of3 ~~pg 13 line 23 thru pg 14~~ pg 59 Lh 8-15; pg. 59 LL 20-25 thru pg 60 Lh 1-3; pg 60 Lh 17-25 thru 61 LL1-12).

"Requirement of A Durable Power Of Attorney means A written instrument that: (Texas Probate Code 482)

(4) is acknowledged by the principal before an Officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this state, or any other state". In The Estate of Dennis M. Vaeker, deceased 345 S.W.3d 588, 596; 2011 Tex. Lexis 1684 " The Power of Attorney was not signed before a person authorized to take acknowledgments (RR Vol 2of3, Supra) And by mandate of the statute ~~is not~~ does not meet the fourth requirement and is therefore not a Durable Power of Attorney, nor is it legally enforceable.

"With respect to question of law, trial court has no discretion, and clear failure by trial court to analyze, or apply law correctly will constitute abuse of discretion, warranting Reversal". Burrhus v M.S. Supply Inc. 993 S.W. 2d 635 (Quoting Walken vs. Packer, 827 S.W. 2d 833, 840 (Tex 1992). The Statute was/is Mandatory. Trial Judge has no discretion, And as such had/has A Ministerial Duty to rule on the

Page 1

evidence showing document was not signed by Principal before a Notary (See R.R. Supra) by ruling the Document legally unenforceable, for failure to meet the 4TH legal requirement by law is dictated in the Statute (See App. A) for a document to be legally enforceable Durable Power of Attorney ~~an~~ in the State of Texas.

Relator is entitled to relief by way of Writ of Mandamus, to Trial Court Judge to correct error, by adhering to and doing his Ministerial Duty in the ruling of this cause. Relator request Mandamus be issued in this cause,

## Prayer

WHEREFORE, ALL CONSIDERED, the Relator, prays this Court will issue Mandamus to the Most Honorable Martin Hoffman for reasons stated above.

Respectfully Submitted,

x _Charles Hensley Mitchell_ 4/1/15
    Relator

## Certification

I, Charles Hensley Mitchell, TDCJ#1851936, certify that I have reviewed this petition and concluded that every factual statement in this petition is supported by competent evidence included in the appendix or record.

Executed On: 4/1/15

x _Charles Hensley Mitchell_ #1851936
    Relator/Declarant

Page 2

# Appendice

# Appendice Table Of Contents

| Appendix | Contents | Page(s) |
|---|---|---|

A — Holding Case for Requirments Of Durable Power Of Attorney: In The Estate Of M Vacker 345 SW.2d 588,596 And Texas Probate Code 482 (Durable Power Of Attorney Act) . . _ 1

B — Judgment . . . . . . . . . — 2,3

C — Motion For Rehearring . . . . . . . . 4-8

D — Testimony At Trial (R.R. inserts) . . . . . . 9-11

E — 5TH District Docket Sheet . . . . 12-14

F — Power Of Attorney . . . . . . . 15,16

G — Certificate Of Authenticity . . . . . 17

App. pg ii

# Appendix

# A

# (Mandatory Statute Governing)
# Legality of Power Of Attorney)

* In The Estate of Dennis M. VACKER, deceased, 345 SW3d 588, 596

* Durable Power Of Attorney Act (Tex. Prob. Code, Art 482)

In The Estate of Dennis M. VACKER, deceased,
345 S.W.3d 588, 596; 2011 Tex Lexis 1684

"Requirement of a Durable Power Of Attorney - Section
482 of the Texas Probate Code (the Durable Power Of Attorney Act)
provides that a 'durable power of attorney' means
a written instrument that:

(4) is acknowledged by the principal before an
officer authorized to take acknowledgements to deeds
of conveyance and to administer oaths under the laws
of this state or any other state."

App. pg 1

Appendice

B

( Judgment )

( Petitioner unable to afford Copy of Original )

( See C.R. Vol. 1 of 1 pg 110-111)
for Original

Cause No. DC-11-14792

Charles Hensley Mitchell       §     In The District Court
Albert Lenn Mitchell          §
Plaintiffs,                §     68th Judicial Court
                         §
                         §
                         §
Ruth Lorretta Houston      §     Dallas County, Texas
Christopher Lee Houston, et   §
Al.,                     §
   Defendants             §

## JUDGMENT

On November 6, 2012, the court called this case for trial. Plaintiff, Charles Mitchell, and Defendants, Ruth Houston, and Christopher Houston Announced ready for trial.

The court determined that it had jurisdiction over the parties and subject matter of this case.

The parties waived trial by jury and submitted all matters in controversy both factual and legal, to the court.

The court, after hearing the evidence and arguments presented, is of the opinion that Plaintiff should take nothing by this suit.

No evidence was presented before the Court indicating that the power of attorney lacked the legal requirements. Specifically, Plaintiff argued that the power of attorney was not enforceable because it lacked Albert Mitchell ("Grantor") signature. The Court disagrees and finds that Grantor signed the power of attorney.

App. 2

Under Texas Government Code § 311.005 (6), the term "signed" included any symbol executed or adopted by a person with present intention to authenticate a document. See In re Estate of Vaekar 345 SW 588, 597 (Tx App. San Antonio 2011) (finding that the grantor signed the power of attorney by placing his thumbprint on the document in front of a notary).

Here, Grantor initialed subdivision (A) through (O) on the power of attorney in front of disinterested witnesses. Grantor's initials gave Defendant Ruth Houston authority over all matters as indicated by the power of attorney. By initialing the subdivision, Grantor authenticated the power of attorney. Therefore, Grantor signed the document and thus, the power of attorney was legally enforceable.

IT IS THEREFORE ORDERED by the court that Plaintiff take nothing by this suit and that all costs of court are taxed against Plaintiff, for which let execution issue.

All other relief not expressly granted in this judgment is denied.

SIGNED on the 18TH day of March 2013

(Judge's Signature) [MARTIN HOFFMAN]
—————————
Judge Presiding

App. pg 3

Appendice
~~B~~ C
( Motion For Rehearing )

(Petitioner unable to afford to pay for copies and prison refuse
to allow us copy machine)

Filed
'13 MAR 27 PM 3:08
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO, TEXAS

| | | |
|---|---|---|
| Charles Mitchell, et. al. | § | In The District Court |
| vs | § | 68TH Judicial Court |
| Ruth Houston, et. al | § | Dallas County, Texas |

## MOTION FOR REHEARING
(Section 482 of the Texas Probate Code)

To The Honorable Judge Of Said Court:

COMES NOW, the Plaintiff, Pro Se in the above-styled, and numbered cause moves this Court to Rehear this cause, and in support show as follow:

### I.

Ruth Houston specifically stated that her Daughter got the Care of Albert Leann Mitchell, Plaintiff thus making Christal Houston, an allege witness to the initialing an "Interested Party" as she profitted from the allege Power of Attorney.

### II.

Ruth Houston, also testified "We" indicating her and her two children Christopher Houston, and Christal Houston sold everything, thus making all who allegedly witness

Page 1 of 5

App. 34

Signed profitted.

### III

Ruth Houston also stated no Notary was present At the allege initialing of the Document.

### IV

Also Ruth Houston stated she sold all the property in the House and such property belonging to the Plaintiff Charles Mitchell is not subject to the taking and selling by Ruth Houston.

### V.

The Court has stated the Power Of Attorney was sign in front of "disinterested witnesses" yet Ruth Houston, Christopher Houston, and Crystal Houston all were interested parties, as indicated by the Records they gain profit from the selling of both Plaintiffs property as well as, took property, such as Car.

### VI

The Document was not signed by the Grantor before Notary, and all persons who testified to witnessing signing which Reporter Record will show which was Ruth and Crystal Houston both

testify to receiving property and/or money from the selling of property. Ruth also indicated "We" being the Plaintiffs sold property. Essie Stoker allege initials belong to Grantor but testify she did not witness initialing.

## VII

Section 482 of the Texas Probate Code provides that a "durable power of Attorney" means a written instrument that:

"(1) designates another person as Attorney in Fact or Agent;"
This instant Power of Attorney does not indicate by signature on Page 2 any such Attorney In Fact.

And

Sub-section (4) says "is acknowledged by the principal before an Officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under law of this state or other state."

Ruth Houston testified that no such acknowledgement took place thus making the Power of

Attorney under Texas. Prob. Code Ann § 482 (West 2003) lack the legal requirements under this code via Sub-section (1)(2) and (4) As, in all actuality there was no adult principle signature under Subsections (2) either.

WHEREFORE, ALL CONSIDERED, the Plaintiff prays the Court will rehear this cause and comply with Tex. Prob. Code Ann § 482 (West 2003) and find Power of Attorney invalid. And also grant compensation for the belonging took by Defendant's and sold, trashed, And given away, without his, to-wit: Charles Mitchell permission.

Respectfully Submitted,
x Charles Mitchell 3/25/13

Certificate Of Service

I, certify a True and Correct copy of the Tool has been served to Ruth and Christopher Houston by U.S. Mail.

Mailed On: 3/25/15          x Charles Mitchell

# ORDER

Having heard the Motion for Rehearing the Court hereby issues Order for the Motion to be:

Granted: ___          Denied: ___

Signed On: ___

X_____
Judge Presiding

# Appendix
# D

Inserts From
Vol. 2 of 3 Reporter Records
At Trial

(Petitioner could not afford actual copy to send
Court and has handwritten exact words from
Original )

Pg 59

(THE COURT)

THE COURT: All right. That concludes ~~that~~ the Plaintiff's presentation.

Defendants, would like to make any presentation? The main thing I want to hear about is, it doesn't appear that this power of attorney was signed by your mother, so kind of explain to me what happens with this power of attorney and then whatever else you want to present

## Page 59

(Ruth Houston)

them I don't have anything. So that's when the social worker said, okay, we're going to give you this medical power of attorney. And I just followed the instructions of the social worker. She said just go and -- she told me where to sign, And then my mother she -- and everybody else they witnessed my mother's -- those are my mother's marks

— End Page 59 —

## Page 60

(Ruth Houston, cont.)

--itinials. So she said take it and get it -- what is this notarized. And so I took it and got it notarized, And then when I brought it back they said it was good.

Page 60

Lines

THE COURT: A through @ are all your Mother's?

Ms. Houston: Yes Uh-huh. And it was witnessed by the social worker.

THE COURT: It also says H through O

Ms Houston: That's all my mother.

THE COURT: Your Mother's. And then there's two witnesses. Who are the witnesses?

Ms. Houston: Okay. When I took it to get

Page 61

Lines

it notarized, it was the Notary's husband and son. They were the witnesses. I didn't know to take a witness with me. I mean, you know, I mean, I'm just -- I was in so much

# Appendix E

## (5TH District Docket Sheet)

Style: Appellant  Charles Mitchell

v.Appellee  Ruth Houston

False                    False                    True

Case Priority:    Regular

Original Proceeding:    No

Case Description:    Miscellaneous/other civil

Remarks:

Contents:

## Trial Court Information

| County | Court Name | Case # | Judge | Court Reporter | Remarks |
|---|---|---|---|---|---|
| Dallas | 68th Judicial District Court | DC-11-14792 | Martin  Hoffman | Reagor, Antoinette | |
| Dallas | 68th Judicial District Court | DC-11-14792 | The Honorable Martin Hoffman | Reagor, Antoinette | |

## Parties and Attorneys

| Party | Party Name | Remarks | Counsel Code | Person Name | Date On | Date Off |
|---|---|---|---|---|---|---|
| Appellant | Mitchell, Charles | | Pro Se | Charles Mitchell | 05/03/2013 | |
| Appellee | Houston, Ruth | | Pro Se | Ruth  Houston | 05/03/2013 | |

## Interested Entities

| Entity Name | Interested Entity Type | Notice | Date On | Date Off | Remarks |
|---|---|---|---|---|---|
| Fitzsimmons, Gary | DT CLK | No | 05/03/2013 1:43PM | | |
| Hoffman, Martin | TC JDG | No | 05/03/2013 1:43PM | | |
| Houston, Ruth | PRO SE | Yes | 05/03/2013 1:47PM | | |
| Mitchell, Charles | PRO SE | Yes | 05/03/2013 1:46PM | | |
| Ovard, John D. | ADMJUD | No | 05/03/2013 1:43PM | | |
| Reagor, Antoinette | RPT | No | 05/03/2013 1:43PM | | |
| Vation, Bridgette | DT CLK | No | 05/17/2013 1:59PM | | |

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission | Remarks |
|---|---|---|---|---|---|---|---|---|
| 08/26/2013 | FILING | LTR RECD | | | 01 | | | sent copy of docket sheet |
| 08/01/2013 | FILING | LTR RECD | | | 01 | | | concering reporter records |
| 07/22/2013 | FILING | LTR ISSD | | | 01 | | | |
| 07/11/2013 | FILING | LTR RECD | | | 01 | | | |
| 06/28/2013 4:19PM | FILING | ESUPP CLK RECORD FLD | | | 01 | | | 1 vol |
| 06/14/2013 | FILING | ORDER ENTERED | PRO SE | GRANT | 01 | | | request free copy of clk rec (6/14/2013 8:46:30 AM) 130618OE.pdf |
| 06/12/2013 | FILING | MT FLD | PRO SE | | 01 | | | free copy of transcript |

Report Prepared By: sandra.johnson, on 8/27/2013 9:29:58 AM          1 of 3

App 12

Style: Appellant  Charles Mitchell

v.Appellee  Ruth Houston

False                    False                    True

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission | Remarks |
|---|---|---|---|---|---|---|---|---|
| 05/28/2013 | FILING | SUPP CLK RECORD DUE | | | 01 | | | per 5/17/13 letter |
| 05/24/2013 | FILING | NO RPT RECORD CV | CV | | 01 | | | |
| 05/20/2013 9:56AM | FILING | ESUPP CLK RECORD FLD | | | 01 | | | 1 vol |
| 05/17/2013 | FILING | LTR ISSD | | | 01 | | | supp rec with plaintiff orig petition due 5/28/13 (5/17/2013 2:01:20 PM) 1300618.ltr.pdf |
| 05/17/2013 | FILING | RECORD DUE | | | 01 | | | |
| 05/16/2013 | FILING | ECLK RECORD FLD | | | 01 | | | |
| 05/03/2013 | FILING | DS DUE | CV | | 01 | | | |
| 05/03/2013 | FILING | FEE REQUEST | | | 01 | | | $175 |
| 05/03/2013 | FILING | NOA FLD/COA | | | 01 | | | |
| 03/27/2013 | FILING | NOA FLD/TC | | | 01 | | | |
| 03/18/2013 | FILING | JMNT SIGNED | | | 01 | | | |

## Document Summary

| Stage | Location | File Date | Event | File Description | Index | Volume | Page |
|---|---|---|---|---|---|---|---|
| FILING | Event | 08/26/2013 | LTR RECD | letter recvd | | | |
| FILING | Event | 08/01/2013 | LTR RECD | Pro Se Letter Received | | | |
| FILING | Event | 07/22/2013 | LTR ISSD | letter sent | | | |
| FILING | Event | 07/11/2013 | LTR RECD | letter recvd | | | |
| FILING | Event | 06/28/2013 4:19PM | ESUPP CLK RECORD FLD | Supplemental Clerk's Record #2 | | | |
| FILING | Event | 06/14/2013 | ORDER ENTERED PRO SE GRANT | Order Entered | | | |
| FILING | Event | 06/12/2013 | MT FLD PRO SE | ProSe Motion Filed | | | |
| FILING | Event | 05/20/2013 9:56AM | ESUPP CLK RECORD FLD | Supplemental Clerk's Record | | | |
| FILING | Event | 05/17/2013 | LTR ISSD | Letter requesting supplemental clerks record containing plaintiff's original petition | | | |
| FILING | Event | 05/16/2013 | ECLK RECORD FLD | Clerk Record | | | |
| FILING | Event | 05/03/2013 | NOA FLD/COA | Notice of Appeal | | | |

## Calendars

| Stage | Set Date | Calendar Name | Reason Set | Remarks |
|---|---|---|---|---|
| FILING | 06/23/2013 | STAT | COMPLIANCE RESP DUE | |

App. 13

Style: Appellant  Charles Mitchell

v.Appellee  Ruth Houston

False                        False                        True

## Fees

| Fee Date | Fee Type | Amount | Payment Status | Noticed Date | Payment Type | Party Type | Received From | Check Number |
|----------|----------|--------|----------------|--------------|--------------|------------|---------------|--------------|
| 05/03/2013 | INDIGENT | $175.00 | INDIGENT | | | ANT | | |

App. 14

# Appendix "F"

## Power Of Attorney

LF205-04
R205-04

# GENERAL POWER OF ATTORNEY

### (With Durable Provision)

NOTICE: THIS IS AN IMPORTANT DOCUMENT. BEFORE SIGNING THIS DOCU-
MENT, YOU SHOULD KNOW THESE IMPORTANT FACTS. THE PURPOSE OF THIS
POWER OF ATTORNEY IS TO GIVE THE PERSON WHOM YOU DESIGNATE (YOUR
"AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY
INCLUDE POWERS TO PLEDGE, SELL OR OTHERWISE DISPOSE OF ANY REAL
OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL
BY YOU. YOU MAY SPECIFY THAT THESE POWERS WILL EXIST EVEN AFTER
YOU BECOME DISABLED, INCAPACITATED OR INCOMPETENT. THIS DOCUMENT
DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE
DECISIONS FOR YOU. IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO
NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU. YOU
MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

TO ALL PERSONS, be it known that I, *Albert L. Mitchell*
of *Dallas County*
the undersigned Grantor, do hereby make and grant a general power of attorney to *Ruth L. Houston*
of *4640 Kushla Ave, Dallas, Tx 75216*
and do thereupon constitute and appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I myself could do, if I
were personally present, with respect to the following matters, to the extent that I am permitted by law to act through
an agent:

(NOTICE: The grantor must write his or her initials in the corresponding blank space of a box below with respect
to each of the subdivisions (A) through (O) below for which the Grantor wants to give the agent authority. If the blank
space within a box for any particular subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for
matters that are included in that subdivision. Cross out each power withheld.)

(A)  Real estate transactions
(B)  Tangible personal property transactions
(C)  Bond, share and commodity transactions
(D)  Banking transactions
(E)  Business operating transactions
(F)  Insurance transactions
(G)  Gifts to charities and individuals other than Attorney-In-Fact/Agent
(If trust distributions are involved or tax consequences are anticipated, consult an attorney.)

© 1992-2001 Made B-Z Products, Inc.     Page 1
This product does not constitute the rendering of legal advice or services. This product is intended for informational use only and is not a substitute
advice. State laws vary, so consult an attorney on all legal matters. This product was not necessarily prepared by a person licensed to practice law

STATE'S
EXHIBIT
1

App 15)



(H) Claims and litigation
(I) Personal relationships and affairs
(J) Benefits from military service
(K) Records, reports and statements
(L) Full and unqualified authority to my attorney-in-fact/agent to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact/agent shall select
(M) Access to safe deposit box(es)
(N) To authorize medical and surgical procedures (Pennsylvania only)
(O) All other matters

**Durable Provision:**

[        ]

(P) If the blank space in the block to the left is initialed by the Grantor, this power of attorney shall not be affected by the subsequent disability or incompetence of the Grantor.

**Other Terms:**


My attorney-in-fact/agent hereby accepts this appointment subject to its terms and agrees to act and perform in said fiduciary capacity consistent with my best interests as he/she in his/her best discretion deems advisable, and I affirm and ratify all acts so undertaken.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

Signed under seal this **30** day of **September**, 200**9**.

Signed in the presence of:

_____       _____
Witness       Grantor

_____       _____
Witness       Attorney-in-Fact/Agent

State of **Texas**
County of **Dallas**
On **September** before me, **Ruth Houston**, appeared
, personally known

to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Affiant _____ Known **✓** Produced ID
Type of ID **02408999  Tx DL**

(Seal)

Page 2



App 16

# Certification of Authenticity

I, Charles Hensley Mitchell, Relator, TDCJ#1851936, hereby, certify, under Penalty of Perjury, that the facts in the Application, And Brief, And Documents in this Appendice are as is in actual Original Documents, or are the Original Copies of those Documents that they are said to be.

## Unsworn Declaration

I, Charles Hensley Mitchell, TDCJ#1851936, being presently incarcerated in the James V. Allred Unit of TDCJ CID, declare under Penalty of Perjury the Foregoing is True and Correct.

Executed On: 4/1/15

x _Charles Hensley Mitchell_ 4/1/15
    Declarant

App. Page 15 17